IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gilberto Jimenez-Najera,<br><br>　　　　　Petitioner,<br><br>v.<br><br>USA,<br><br>　　　　　Respondent. | No.  CV-15-2565-PHX-GMS (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, U.S. DISTRICT COURT JUDGE:

　　　　Petitioner Gilberto Jimenez-Najera filed this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion") after he had entered a plea of guilty to one violation of 8 U.S.C. § 1326(a) and was sentenced to 33 months to be followed by a term of supervised release.  (CR-14-2565 ("CR") Docs. 3, 18, 21)  He argues that he is entitled to relief because he received poor legal advice, his sentence was excessive, and he did not understand his plea agreement.  (Doc. 1 at 4-6)  As explained below, the Court recommends that this Motion be denied.

**BACKGROUND**

　　　　On October 29, 2014, Jimenez-Najera was found guilty, pursuant to a plea agreement, for reentry of a removed alien.  (CR Docs. 3, 18, 21)  During his change of plea colloquy, the Court reviewed the terms of his plea agreement.  (CR Doc. 31) Jimenez-Najera confirmed that he had spoken directly with his attorney in Spanish and

had understood his attorney. (*Id*. at 5)  He agreed that he had enough time to discuss the plea agreement with his attorney, did discuss the entire plea agreement with his attorney, had signed the plea agreement after his attorney had satisfactorily answered all of his questions about it, and was satisfied with his attorney's representation of him in the case. (*Id*. at 4-5)

During the colloquy with the Court, Jimenez-Najera also said that he understood, and waived, his rights to a grand jury, a trial by jury, an appeal, and any collateral attack on his judgment and sentence. (*Id*. at 7, 16-18, 21)  He stated that he understood the plea agreement, that it contained all the promises that had been made to him, and that no other promises had been made to him. (*Id*. at 5, 6-7, 15)  He confirmed that no one forced, threatened, or coerced him in any way to enter a plea of guilty. (*Id*. at 6)  He confirmed that he had no questions about the possible consequences of his guilty plea, including the maximum possible penalties and the imposition of supervised release. (*Id*. at 8-9, 11, 15)

During the plea colloquy, Jimenez-Najera's attorney told the Court that he had provided Jimenez-Najera with estimates of which sentencing range guidelines might apply. (CR Doc. 31 at 15)  The Court confirmed that Jimenez-Najera understood that these estimates were not binding on the Court at sentencing. (CR Doc. 31 at 15-16)

Jimenez-Najera also admitted to the factual basis of his plea and to the existence of a prior felony conviction. (*Id*. at 22)  At the conclusion of the colloquy, the Court found that Jimenez-Najera had entered into his plea knowingly, voluntarily, and intelligently. (*Id*. at 23)

At his sentencing hearing, Jimenez-Najera's counsel argued that he should have a reduced sentence because of his child's illness. (Doc. 60 at 8-12)  The Court found that Jimenez-Najera had not met his burden for the sentencing variance. (*Id*. at 15)  The Court found that Jimenez-Najera's sentencing range was between 33 and 41 months and sentenced him to a term of 33 months to be followed by three years of supervised release. (*Id*. at 15-17)

Jimenez-Najera timely filed this Motion and the government timely responded. (Docs. 1, 4) Jimenez-Najera did not reply but he did ask the Court to grant him relief because he had not received a copy of the Response and had concluded that it was untimely. (Doc. 5) Because the government did file a Response and the record shows that a copy was mailed to Jimenez-Najera, this request will be denied. (Doc.4 at 11)

## DISCUSSION

In his Section 2255 Motion, Jimenez-Najera argues that he is entitled to relief because (1) he received "poor and insufficient" legal advice, (2) his sentence was excessive, (3) he signed a plea agreement without fully understanding it, and (4) he did not file a direct appeal because of poor legal advice. (Doc. 1 at 4-6) Put another way, Jimenez-Najera raises one substantive claim in Claim 2 and three claims of ineffective assistance of counsel in Claims 1, 3, and 4. In response, the United States argues that Jimenez-Najera waived his right to raise his substantive claim and argues that his ineffective assistance of counsel claims fail on the merits. (Doc. 4)

Excessive Sentence. In Claim 2, Jimenez-Najera argues that his sentence was excessive because "the maximum term of imprisonment for a re-entry is not more than two years." (Doc. 1 at 5) As part of the written plea agreement, Jimenez-Najera agreed to waive "any right to file an appeal, any collateral attack, and any other writ or motion that challenges…any aspect of the defendant's sentence, including the manner in which the sentence is determined." (CR Doc. 46 at 5) The government argues that Jimenez-Najera expressly waived his right to file a challenge to his sentence under Section 2255 motion as part of his plea agreement and so the Court cannot consider this argument.

Courts will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face, and the waiver was knowingly and voluntarily made. *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004); *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000). However, "[a] plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly." *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994).

- 3 -

The record shows that Jimenez-Najera's plea agreement unambiguously waived his right to raise a collateral attach on the length of his sentence. The record also shows that he entered into his plea agreement knowingly, voluntarily and intelligently. In his plea colloquy, Jimenez-Najera's attorney stated that the plea was provided to Jimenez-Najera in Spanish and Jimenez-Najera stated that he understood everything that was in the plea agreement, that he was satisfied with the representation of counsel, that he understood the charges against him, and that he had no questions about the plea. Further, he specifically stated that he understood that he was waiving his right to appeal and to collaterally attack his sentence. Accordingly, Jimenez-Najera has not shown that his waiver was involuntary or that he entered into the plea agreement involuntarily.

However, even if the Court could consider this argument, Jimenez-Najera's sentence was properly enhanced because of his prior felony conviction, a conviction that he acknowledged during his plea colloquy. (Doc. 4 at n.3, CR Doc. 31 at 22) *See e.g.,* 8 U.S.C. § 1326(b)(1). Accordingly, this claim cannot stand.

<u>Ineffective Assistance of Counsel</u>.  To prevail on his claims of ineffective assistance of trial counsel, Jimenez-Najera would have to show that his attorney's performance was deficient and that he was prejudiced as a result of that deficiency. *Strickland v. Washington*, 466 U.S. 668 (1984).

*"Poor and insufficient legal advice."*  Jimenez-Najera claims that his lawyer did not assist him in obtaining any benefits because (a) his lawyer did not mention that he has "a handicap child" and (b) his lawyer had told him that he would receive a sentence of time served. (Doc. 1 at 5). These claims are not well taken.

First, Jimenez-Najera's lawyer repeatedly argued that he should receive a more lenient sentence because of his child's illness. (CR Doc. 60 at 8-12)  That the Court considered these arguments and found them unpersuasive is not ineffective assistance of counsel.

Jimenez-Najera's second claim, that his lawyer told him that he would receive time served, is also unpersuasive. During the plea colloquy, Jimenez-Najera's attorney

told the Court that he had provided Jimenez-Najera with estimates of what sentencing range guidelines might apply. (CR Doc. 31 at 15) The Court confirmed that Jimenez-Najera understood that these estimates were not binding at sentencing. (CR Doc. 31 at 15-16) "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 97 S.Ct. 1621, 1629 (1977). Jimenez-Najera's "solemn declarations in open court" were that he understood the non-binding nature of his lawyer's estimate of his sentence. (CR Doc. 31 at 15-16) To contradict this, he has provided only his own conclusory allegations. This is insufficient to rebut the "strong presumption of verity" and so this claim fails.

*Failure to Understand Plea Agreement*. Jimenez-Najera claims that he signed his "plea agreement without fully understanding its contents. The language barrier was a clear obstacle for fully understanding my situation and rights." (Doc. 1 at 5) This claim is contradicted by the record and, therefore, fails.

During his plea colloquy, Jimenez-Najera was assisted by a Spanish language interpreter.[1] (CR Docs. 18, 31) His counsel informed the Court that he speaks Spanish fluently and was able to communicate with Jimenez-Najera without an interpreter. (CR Doc. 31 at 5) He also informed the Court that the written plea agreement was translated into Spanish and Jimenez-Najera was provided a copy of the translated document. (CR Doc. 31 at 4) Jimenez-Najera informed the Court that he had reviewed the entire plea agreement with his lawyer, all of his questions had been answered before he signed it, he understood his lawyer when they spoke, and he was satisfied with the representation that he had received. (*Id.* at 4-5)

---

[1] The record reflects that Jimenez-Najera was similarly assisted by a Spanish language interpreter during his initial appearance and at sentencing. (CR Docs. 2, 45) In addition, an interpreter read the presentence report to Jimenez-Najera in Spanish and answered his questions. (CR Doc. 60 at 5)

The representations made by Jimenez-Najera and his counsel at the change of plea hearing, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge*, 97 S.Ct. 1621, 1629 (1977). *See also United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea."); *United States v. Anderson*, 993 F.2d 1435, 1438 (9th Cir. 1993) ("Statements made by a criminal defendant contemporaneously with his plea should be accorded great weight because solemn declarations made in open court carry a strong presumption of verity." (internal quotation marks and brackets omitted)). Instead of attempting to satisfy this high burden, Jimenez-Najera made only a blanket assertion of a language barrier with no explanation for the direct contradictions between his statements during his plea colloquy and his allegations in his Section 2255 Motion. *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir. 2012). Accordingly, this ineffective assistance of counsel claim fails.

*Failure to File Direct Appeal*. Jimenez-Najera claims that "[b]ecause of poor legal advice, I did not file a direct appeal." (Doc. 1 at 6) However, in his plea agreement, Jimenez-Najera agreed to waive his right to an appeal and, during his plea colloquy, the Court confirmed that he understood he was waiving this right. (CR Docs. 31 at 17-18, 46 at 5) Jimenez-Najera's counsel was not ineffective for failing to advise Jimenez-Najera to exercise his right to file an appeal after he had waived that same right.

**IT IS RECOMMENDED** that Gilberto Jimenez-Najera's Motion to Vacate, Set Aside or Correct Sentence be denied. (Doc. 1)

**IT IS FURTHER ORDERED** denying Petitioner's Motion for Award of Relief Requested (Doc. 5)

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be denied because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 16th day of May, 2016.

_____
David K. Duncan
United States Magistrate Judge